813 A.2d 94

IN THE MATTER OF THE COMMITMENT OF K.D.

Superior Court of New Jersey
Appellate Division

Argued December 18, 2002—Decided January 22, 2003.

Before Judges KING, LISA and FUENTES.

*Richard I. Friedman,* Deputy Public Defender, argued the cause for appellant K.D. (*Yvonne Smith Segars,* Public Defender, attorney; *Patrick D. Reilly,* Director, of counsel; *Mr. Friedman* and *Joan D. Van Pelt,* Assistant Deputy Public Defender, on the brief).

*Mary Beth Wood,* Deputy Attorney General, argued the cause for respondent State of New Jersey (*Peter C. Harvey,* Acting Attorney General of New Jersey, attorney; *Nancy Kaplen,* Assistant Attorney General, of counsel; *Ms. Wood,* on the brief).

The opinion of the court was delivered by

KING, P.J.A.D.

This is an appeal from a commitment order entered pursuant to the Sexually Violent Predator Act, *N.J.S.A.* 30:4–27.24 to –27.38 (SVPA) on October 24, 2000 after an initial commitment hearing. *N.J.S.A.* 30:4–27.29. Further review hearings, *see N.J.S.A.* 30:4–27.35, have been stayed pending the outcome of this appeal.

Appellant K.D. raises these issues on this appeal:

POINT I—THE COMMITMENT COURT HAS JURISDICTION TO HEAR TESTIMONY AND ENTER ORDERS PROTECTING THE RIGHT TO TREATMENT OF PERSONS COMMITTED PURSUANT TO THE SEXUALLY VIOLENT PREDATOR ACT.

POINT II—K.D. HAS A RIGHT TO TREATMENT IN THE SPECIAL TREATMENT UNIT PURSUANT TO BOTH STATE AND FEDERAL CONSTITUTIONAL LAW.

    A. New Jersey Statutes Create A Right To Treatment According To The Highest Standards And Which Will Provide K.D. With The Best Opportunity for Recovery.

    B. K.D. Has A Fundamental Right To Treatment Arising Out Of The Fourteenth Amendment To The United States Constitution.

    C. An Involuntarily Committed Patient's Right To Receive The Highest Standard of Treatment Is Not Outweighed By The Administrative Cost Or Inconvenience To The State of Providing Such Treatment.

POINT III—THE COURT ERRED IN PERMITTING THE STATE'S EXPERT TO TESTIFY TO AN OPINION CONTAINED IN REPORTS SUPPLIED AFTER THE COMMENCEMENT OF TESTIMONY.

On this appeal, appellant does not challenge his commitment pursuant to the SVPA under the controlling "highly likely to reoffend" standard set forth in *In re Commitment of W.Z.*, 173 *N.J.* 109, 132, 801 *A.*2d 205 (2002), decided by our Supreme Court last July. Rather, appellant pursues what we choose to characterize as a "personalized right to treatment claim." Counsel for appellant advances a claim for treatment based on his client's developmental disability which he alleges results from an organic brain disorder. Appellant's counsel explicitly claims that the present sex offender treatment rendered to K.D. and customarily available to the general population at Kearney (STU) is inadequate in view of his special disability.

In his brief, appellant argues that "the lower court should be directed to hold a hearing on the appropriate diagnostic and therapeutic treatment for K.D. and to mold an order providing K.D. with the best opportunity to receive same." He specifically asks for "an in-patient locked unit which is designated for and dedicated to the treatment of sexual offenders who are developmentally disabled."

The State contends that appellant is receiving the best available treatment in his circumstance. The State also claims that his alleged developmental disability should not change the nature of his treatment program. The State urged in its brief and at oral argument, that although its expert, Dr. Ballen, "did not believe that appellant suffered from any significant neurological defects, he made arrangements for K.D. to be seen for a neurological consultation." The State's brief tells us that:

K.D. was, in fact, seen by a neurologist, Dr. Arnold S. Witte, on March 21, 2001. Dr. Witte concluded that K.D. suffers from a seizure disorder—grand mal seizures, marginal control—but that he did not have any neurologic disorder that would prevent his participation in the treatment program at the STU.

The Supreme Court has not yet considered any specifics with respect to the "right to treatment" under the SVPA. Of course, all agree that confinement by the State under the "highly likely to reoffend" standard invokes a correlative statutory and constitutional duty of appropriate treatment where feasible, de-

signed to permit ultimate release to the community. *See Seling v. Young,* 531 *U.S.* 250, 265–66, 121 *S.Ct.* 727, 736–37, 148 *L.Ed.*2d 734, 748 (2001), and *Kansas v. Hendricks,* 521 *U.S.* 346, 365–68, 117 *S.Ct.* 2072, 2083–84, 138 *L.Ed.*2d 501, 517–19 (1997).

In the present case, counsel for appellant notified the State and the judge prior to the initial hearing that "the issue of treatment" would be raised.[1] Appellant's experts said they were unable to provide a definitive diagnosis and recommendation for treatment without a "full and proper" diagnostic workup. The judge demurred to the offer and precluded any such proofs.

We do not fault the judge for declining to hear proofs with respect to a proposed diagnostic workup and treatment at the initial hearing on February 5, 2001. The function of the initial or "20–day" hearing is to afford the defendant the right to challenge and the State the right to justify the commitment. *See N.J.S.A.* 30:4–27.29. However, at the subsequent review hearings we conclude that committees have the right to present evidence on the issue of whether or not they have been receiving appropriate treatment, especially in light of any particular disability which might exist. Under the SVPA the Division of Mental Health

---

[1] Deputy Public Defender Richard Friedman's letter, dated January 17, 2001, stated:

The above-captioned matter is currently scheduled for an initial hearing on Monday, February 5, 2001. If heard on that date, both therapeutic and diagnostic treatment will be in issue. Therefore, pursuant to *State in Interest of R.G.W.,* 145 *N.J.Super.* 167, 366 A.2d 1375 (1976), *In Re D.J.M.,* 158 *N.J.Super.* 497, 386 A.2d 870 (App.Div.1978), and *In Re J.L.J.,* 210 *N.J.Super.* 1, 509 A.2d 184 (App.Div.1985), I am hereby providing notice to the Court and counsel that treatment is in issue. Please note that I have previously discussed the above with Deputy Attorney General Mark Singer.

As I discussed with Mr. Singer, I will forward to this Court and to him the reports of my two experts as soon as I have them. He agreed to present same to the staff of the NRU. Should there be agreement that based upon those reports further diagnostic testing is required in the instant matter, then a stipulation to aid testing and continuance of this matter may be reached and entered on the hearing date. If agreement cannot be reached, then I will be prepared to litigate the matter on February 5, 2001.

Services in the Department of Human Services is charged with "provid[ing] and arrang[ing] for treatment for a person committed pursuant to this act. Such treatment shall be appropriately tailored to address the specific needs of sexually violent predators." *N.J.S.A.* 30:4–27.34(b). The treatment program is, of course, directed to accomplish a change in violent sexual proclivities which improvement eventually would justify discharge. *N.J.S.A.* 30:4–27.36.

██ We conclude that a court has the inherent power to examine the conditions of confinement, including treatment, prescribed by the SVPA. *See In re Civil Commitment of E.D.,* 353 *N.J.Super.* 450, 453, 803 *A.*2d 166 (App.Div.2002). We certainly do not suggest that any individual commitment review hearing be converted into a challenge to the sexual offender's treatment program available routinely to the general population of committees under the SVPA at the Kearney and Woodbridge facilities. Such a challenge must be brought in a plenary individual or class action in the regular trial courts, state or federal, and not in a particular committee's individual initial or annual review hearing under the SVPA, the purpose of which is to decide if confinement under the SVPA and *W.Z.* standards is proper. We understand that such an action has been filed in the United States District Court, District of New Jersey on October 25, 2002, pending before Judge Linares. *See Raymond Alves v. Dr. Glenn Ferguson, etc.,* 01 Cir. 789(DMC).

We conclude that to stifle a particular individual's voice about inadequate diagnosis and treatment would be constitutionally inappropriate. *See Jackson v. Indiana,* 406 *U.S.* 715, 737–38, 92 *S.Ct.* 1845, 1858, 32 *L.Ed.*2d 435, 451 (1972) ("due process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed.")

We remand for further proceedings at which appellant may challenge his present diagnosis and treatment as inappropriate and offer proof of reasonable alternatives. Appellant must give proper notice of his intentions, with specifics, sufficiently in ad-

vance of the hearing to permit the State to meet this challenge. We add, and the State seemed to agree at oral argument, that a committee under the SVPA need not wait a year for an annual review hearing to challenge his diagnosis and treatment, but may move at any time after the initial hearing for a prompt hearing on the claim of specific needs geared to the particular situation.

On appellant's final point, "permitting the State's expert to testify to opinions contained in reports supplied after the commencement of testimony," any possible error was harmless, *R.* 2:10–2, because appellant does not challenge his commitment under the SVPA on this appeal.

We affirm the order of commitment under the SVPA and remand for further proceedings on the right to treatment of this particular appellant. We trust that this hearing, and the postponed annual review hearing, may be conducted within 60 to 90 days.

Affirmed, as modified, and remanded.